# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50899
consolidated with
No. 22-50913
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Manuel Eguis-Portillo,

*Defendant—Appellant*.

—————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-358-1, 4:18-CR-37-1

—————————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Jose Manuel Eguis-Portillo appeals his conviction and sentence for illegal entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2), as well as the judgment revoking his term of supervised release for a prior offense. He has not briefed, and has therefore abandoned, any challenge to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50899
c/w No. 22-50913

the revocation of supervised release or his revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

For the first time on appeal, Eguis-Portillo contends that Section 1326(b) is unconstitutional because it allows for a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He has filed an unopposed motion for summary disposition and a letter brief explaining that he raises this issue only to preserve it for further review and conceding correctly that it is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). The motion is GRANTED, and the district court's judgments are AFFIRMED.